UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                            )
                                  )    Chapter 7
DANIEL WEILEIN                    )
SANDRA LaFAVE                     )    Bankruptcy No. 04-00667
                                  )
     Debtors.                     )

**ORDER RE MOTION TO RECONSIDER**

This matter came before the undersigned on July 22, 2005 on the Motion to Reconsider filed by Scott Bowman. Debtors Daniel Weilein and Sandra LaFave were represented by attorney Michael Dunbar. Creditor Scott Bowman was represented by attorney John Titler. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I).

**CONCLUSIONS OF LAW**

Creditor Scott Bowman seeks reconsideration of the Court's order entered December 29, 2004. The Court held that § 523(a)(19) did not apply to matters concerning securities fraud raised in the Iowa District Court action pending between Debtors and Mr. Bowman because "a judgment, order or settlement agreement must have arisen prior to the bankruptcy filing in order for § 523(a)(19) to except a debt from discharge." In re Weilein, 319 B.R. 175, 180 (Bankr. N.D. Iowa 2004). The version of § 523(a)(19) applied in this order was enacted as part of the Sarbanes-Oxley Act in 2002.

Mr. Bowman requests reconsideration of the order and asks the Court to apply the amended version of § 523(a)(19) arising from the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("the Act") enacted on April 20, 2005. The following appears in § 1404 of the Act:

> SEC. 1404. DEBTS NONDISCHARGEABLE IF INCURRED IN VIOLATION OF SECURITIES FRAUD LAWS.
>
> (a) PREPETITION AND POSTPETITION EFFECT- Section 523(a)(19)(B) of title 11, United States Code, is amended by inserting ', before, on, or after the

>    date on which the petition was filed,' after
>    'results'.
>
>    (b) EFFECTIVE DATE UPON ENACTMENT OF SARBANES-OXLEY
>    ACT- The amendment made by subsection (a) is
>    effective beginning July 30, 2002.

S. 256, 109th Cong. § 1404 (2005).  This amendment makes the discharge exception effective for any relevant judgment, order or settlement agreement arising after the petition date, unlike the previous version which the Court construed in its December 29, 2004 Order as requiring a prepetition judgment, order or settlement agreement.

Mr. Bowman asserts this new version of § 523(a)(19) applies to this case because Congress made it effective upon the enactment of the Sarbanes-Oxley Act on July 30, 2002. This fact pattern presents a recurring question in the law: When should a new federal statute be applied to pending cases? <u>Martin v. Hadix</u>, 527 U.S. 343, 352 (1999).  To answer this question, courts ask first whether Congress has expressly prescribed the statute's proper reach.  <u>Id.</u>  If Congress has done so, of course, there is no need to resort to judicial rules to determine Congressional intent.  <u>Landgraf v. USI Film Prod.</u>, 511 U.S. 244, 280 (1994); <u>In re Lewandowski</u>, 325 B.R. 700, 705 (Bankr. M.D. Penn. 2005) (construing retroactivity of original version of § 523(a)(19)).

## ANALYSIS

There is no doubt that Congress intended to make § 523(a)(19) applicable to all securities fraud judgments, orders or settlement agreements which arose after the enactment of the Sarbanes-Oxley Act, whether arising before or after the filing of the bankruptcy petition.  As such, the new version of § 523(a)(19) must be applied in this case.  Upon reconsideration of the December 29, 2004 Order, the Court must find that it is not necessary that a judgment, order or settlement agreement to have arisen prior to the bankruptcy filing in order for § 523(a)(19) to except a debt from discharge.  The effect of the statutory amendment is to allow Mr. Bowman's counterclaim raising securities fraud issues in the state court action to be excepted from discharge and remain viable in the state court action.

This matter arose from Trustee's Notice and Report of Sale of Property and Mr. Bowman's objection thereto, and Debtor's Motion for Finding of Civil Contempt and Mr. Bowman's resistance thereto.  After the Court's December 29, 2004 Order, Debtors filed a Withdrawal of Motion for Contempt, stating: "Debtors now believe Defendant's action was not contemptuous of this Court but a good faith disagreement concerning the application of the law."  Based on the foregoing, the Court will consider the Motion for Contempt to be resolved and no longer an issue in this case.

Debtors also filed a Withdrawal of Objection to Sale, stating: "The Court has now ruled that Mr. Bowman may not pursue his claim against Debtors and consequently Debtors withdraw their objection to the sale of aforementioned cause of action."  Because the Court now finds that Mr. Bowman's securities fraud claim against Debtors survives the bankruptcy discharge, Debtors may wish to reassert their Objection to Trustee's Notice and Report of Sale.  The Court will set a status hearing to allow the parties to present their arguments on the effect of this ruling as it relates to Trustee's proposed sale of Debtors' interest in the Iowa District Court action.

**WHEREFORE**, the securities fraud claims raised by Scott Bowman in the Iowa District Court lawsuits pending in Black Hawk County between Debtor Daniel Weilein and Scott Bowman are excepted from discharge under § 523(a)(19).

**FURTHER**, a telephonic status hearing will be set by separate order to determine the effect of this ruling on Trustee's Notice and Report of Sale of Property and Debtors' objection thereto.

DATED AND ENTERED: August 1, 2005

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

3